UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Walter Aston,

    Plaintiff,

v.                                                                                          Case No. 12-14467

Tapco International Corporation, *et al.*,                      Sean F. Cox
                                                                                                         United States District Court Judge

    Defendants.

_____/

## ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Walter Aston ("Plaintiff") filed this employment discrimination action against his former employer, and several of its managers, asserting claims under the federal Americans with Disabilities Act ("ADA"), Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), and the federal Family Medical Leave Act ("FMLA"). In a forty-one page Opinion & Order issued on July 10, 2014, this Court granted summary judgment in favor of Defendants as to all claims. The matter is now before the Court on Plaintiff's Motion for Reconsideration (Docket Entry No. 62). The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument. For the reasons that follow, the Court shall DENY the motion.

Plaintiff filed this action on October 9, 2012, asserting claims against his former employer, Defendant Tapco International Corp. ("Defendant" or "Tapco"), along with claims against three of its managers: 1) Cheryl Brisson; 2) Beth Sherman; and 3) Dave Ulmer.

1

Plaintiff's Complaint includes three counts: "Count I: Disability Discrimination Under Federal Law" that asserts a claim under the ADA against all Defendants; "Count II: Disability Discrimination Under State Law" that asserts a claim under Michigan's PWDCRA against all Defendants; and "Count III: Violation of the Family Medical Leave Act (FMLA)" asserted against all Defendants.

Following the close of discovery, on December 31, 2013, Defendants filed a Motion for Summary Judgment. (Docket Entry No. 22). On January 21, 2014, Plaintiff filed a Motion for Partial Summary Judgment. (Docket Entry No. 31).

After full briefing by the parties and oral argument, the Court issued an Opinion & Order on July 10, 2014 in which it granted summary judgment in favor of Defendants as to all claims. (Docket Entry No. 60). More specifically, this Court ruled as follows:

> As explained above, IT IS ORDERED that Defendants' Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART. The motion is DENIED in that the Court declines to rule that Plaintiff is precluded from any backpay award because he has not looked for work since his termination. Defendants' Motion is GRANTED to the extent that the Court rules that:
>
> 1) The individual Defendants (Brisson, Sherman, and Ulmer) are entitled to summary judgment as to Plaintiff's ADA claims because individual supervisors who do not independently qualify under the statutory definition of employers may not be personally liable in ADA cases;
>
> 2) Plaintiff cannot show that special circumstances existed such that he could reject Tapco's unconditional offer of reinstatement and Plaintiff would therefore be precluded from recovering backpay after June 22, 2012, if this matter were to proceed to trial;
>
> 3) Defendant Tapco is entitled to summary judgment as to Plaintiff's ADA claims against it, and all Defendants are entitled to summary judgment as to Plaintiff's PWDCRA claims them, because Plaintiff cannot establish that he is a qualified individual with a disability who can perform his job

>    either with or without a reasonable accommodation; and
>
> 4)   Defendants are entitled to summary judgment as to Plaintiff's FMLA retaliation claim because, in response to Defendants' properly supported Motion for Summary Judgment, Plaintiff has failed to meet his burden as to pretext.
>
>    IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment is DENIED.

(Docket Entry No. 60 at 40-41).

Thereafter, on July 17, 2014, Plaintiff filed the instant Motion for Reconsideration. (Docket Entry No. 62).

Motions for reconsideration are governed by Local Rule 7.1 of the Local Rules for the United States District Court for the Eastern District of Michigan, which provides that:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan Local Rule 7.1(h)(3).  Thus, a motion for reconsideration does not afford a movant an opportunity to present the same issues that have been already ruled on by the court, either expressly or by reasonable implication.

In order to grant a motion for reconsideration, the movant must demonstrate a palpable defect by which the court has been misled and must also show that correcting the defect will result in a different disposition of the case.  Having reviewed Plaintiff's Motion for

Reconsideration, the Court concludes that Plaintiff has not met that burden.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

                                              S/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: October 20, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 20, 2014, by electronic and/or ordinary mail.

                                              S/Jennifer McCoy
                                              Case Manager